IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:22-cv-00292 |
| ULTA BEAUTY, INC., | § § | |
| Defendant. | § § § | |

**PLAINTIFF LEXOS MEDIA IP, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lexos Media IP, LLC ("Lexos Media IP") files this Complaint for patent infringement against Defendant Ulta Beauty, Inc. ("Ulta Beauty "), and alleges as follows:

**PARTIES**

1. Plaintiff Lexos Media IP, LLC ("Lexos Media IP") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 555 Republic Drive, 2nd Floor, Plano, Texas 75074-5481.  Lexos Media IP is the intellectual property holding company of Lexos Media, Inc. ("Lexos Media") and owns intellectual property associated with the business of that company.  Lexos Media IP has had its principal place of business located in Plano, Texas since 2015.

2. Lexos Media was founded in 2009.  Lexos Media is a digital advertising technology company that pioneered the use of dynamic cursor modification to promote the online purchase and use of products and services likely of interest to users of e-commerce websites.  Lexos Media has provided a technology framework for delivering online advertising in which images and content are deployed in connection with a cursor.  Lexos Media has provided this technology framework through two divisions -- AdBull and Cursor Marketing -- both of which provided

technology that could be used to modify an Internet user's cursor to display content such as an image or other message to promote the online purchase and use of products and services. Lexos Media IP has been engaged in licensing this technology both in the online marketing space as well as other fields.

3. Defendant Ulta Beauty is a Delaware corporation with its principal executive offices located at 1000 Remington Blvd., Suite 120, Bolingbrook, Illinois. Defendant Ulta Beauty may be served with process through its registered agent The Prentice-Hall Corporation System, Inc., 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Ulta Beauty is subject to the specific personal jurisdiction of this Court because Lexos Media IP's claims for patent infringement against Ulta Beauty arise from Ulta Beauty's acts of infringement in the State of Texas. These acts of infringement include operating an interactive website using the patented inventions and making that website available to persons in the State of Texas, facilitating the sale of products and services through that website to those persons. Ulta Beauty operates, and has operated, the e-commerce interactive website www.ulta.com.

7. Ulta Beauty is the largest beauty retailer in the U.S. Ulta Beauty operates approximately 119 stores in Texas. Ulta Beauty has thousands of employees located in Texas. The activities conducted by Ulta Beauty and its employees at these facilities located in Texas are substantially related to Ulta Beauty's infringing activities conducted in this state. For example, Ulta Beauty allows

customers who purchased products online through www.ulta.com with the ability to return the purchased items to an Ulta Beauty store in the United States.

8. In view of these facts, this Court has personal jurisdiction over Ulta Beauty under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042.

9. Ulta Beauty also has committed the acts of infringement alleged herein and has regular and established places of business in the Eastern District of Texas.

10. Ulta Beauty, during the time frame when the Asserted Patents were in effect and thereafter, has made available and offered its www.ulta.com interactive website to persons located in the Eastern District of Texas. The www.ulta.com website provided to these individuals by Ulta Beauty implemented features and functionality that infringed the Asserted Patents. As alleged above, Ulta Beauty's stores located in this District support its www.ulta.com e-commerce operation. Ulta Beauty currently operates numerous stores in this District in at least the following cities: Carrolton, Frisco, Lewisville, Longview, Prosper, Sherman, The Colony, and Tyler.

11. These facilities located in the Eastern District of Texas are physical, geographical locations in the district from which the business of Ulta Beauty is carried out. These facilities located in the Eastern District of Texas are regular and established places of business of Ulta Beauty. Furthermore, these facilities located in the Eastern District of Texas are places of business of Ulta Beauty.

12. Ulta Beauty owns and operates these facilities or, alternatively, leases these facilities. Ulta Beauty directs and controls the operation of those facilities conducted for the benefit of Ulta Beauty. The activities and operations conducted at these facilities for the benefit of Ulta Beauty are a regular and established part of the business of Ulta Beauty. The individuals conducting these activities and operations for the benefit of Ulta Beauty are employees of Ulta

Beauty or, alternatively, are operating under the direction and control of Ulta Beauty when conducting these activities and operations.

## THE ASSERTED PATENTS

13.  On November 30, 1999, the United States Patent and Trademark Office issued United States Patent No. 5,995,102 ("the `102 Patent") entitled "Server system and method for modifying a cursor image," a true copy of which is attached as Exhibit 1.

14.  On September 12, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,118,449 ("the `449 Patent") entitled "Server system and method for modifying a cursor image," a true copy of which is attached as Exhibit 2.

15.  Lexos Media IP is the owner by assignment of these Asserted Patents and owns all right, title, and interest in the Asserted Patents, including the right to sue for and recover all past, present, and future damages for infringement of the Asserted Patents.

## THE INNOVATION OF THE ASSERTED PATENTS

16.  The Asserted Patents are directed to improvements in the field online advertising, and provide technical solutions to problems being encountered in that burgeoning field.  In order to put the innovation of the Asserted Patents into perspective, it bears emphasis that the application for the asserted `102 Patent was filed in June 1997, a mere few years after online advertisements emerged in the ecommerce marketplace.  *See* https://en.wikipedia.org/wiki/Online_advertising.

17.  At the time of the invention underlying the Asserted Patents, there were several drawbacks to prevalent forms of online advertising, such as banner  advertisements, web page "frames," and "self-appearing" advertising screens.  Thus, as the Asserted Patents emphasized, at the time of the invention of the Asserted Patents, "[t]here is a need for a simple means to deliver advertising  elements without  the  annoyance  of  totally interrupting and

intrusive content delivery, and without the passiveness of ordinary banner and frame advertisements which can be easily ignored."

18. The Asserted Patents provided a specific technical solution to improve online advertising technology and overcome these problems. The specification of the Asserted Patents pointed out that, while it was not new at the time for pointers and cursors to change shape, "[i]n conventional systems, the appearance of the cursor or pointer does not change to correspond with on-line content being displayed on the screen."

19. The claims of the Asserted Patents explain how the invention improves on conventional methods of online advertising. In particular, the Asserted Patents disclosed "a server system for modifying a cursor image to a specific image displayed on a video monitor of a remote user's terminal for the purposes of providing on-screen advertising."

20. The claims of the Asserted Patents specifically teach how the invention works to provide the improved online advertising technology. A web browser retrieves a web page stored on a server that is then transmitted to and viewed by a user. The retrieved web page contains a set of predetermined instructions referred to as "cursor display instructions." The browser interprets the information contained in cursor display instructions and instructs the operating system of the user's terminal to bringing about the change in appearance of the cursor within the web page. As the Asserted Patents explain, "the server system provides certain information that causes the cursor image on the video monitor of the user terminal to display an image as specified by the server system. As a result, the server system remotely defines and manages the shape and appearance of the cursor image in accordance with a pre-specified condition."

21. The claims of the Asserted Patents contain steps or elements that embody this specific process for implementing the cursor modification invention and improving online advertising. The claims focus on a specific means or method that improves online advertising technology, and are not directed to a desired result or effect that itself merely employs generic processes and machinery. They claim a technological solution to the technological problems and drawbacks encountered in the prior art methods for creating effective online advertising – a specific process and system for modifying the appearance of a cursor implemented on the display of a user's computer. The asserted claims directed to a new and useful technique for performing online advertising. They are not directed to a law of nature, natural phenomena, or a business method or algorithm.

## THE ESTABLISHED VALIDITY OF THE ASSERTED PATENTS

22. In 2018, Ralph Lauren ("RL") petitioned the U.S. Patent Trial and Appeal Board (the "PTAB") for *inter partes* review of the `102 and `449 patents. In particular, RL petitioned for *inter partes* review of claims 70-73 of the `102 Patent and claims 1-3, 5-7, 12-15, 27-29, 31-33, 38-41, 53-56, 58-63, 72-75, and 77-82 of the `449 Patent. Although the PTAB cancelled some of the claims, in two final written decisions it found that RL had not shown that claims 70 and 72 of the `102 Patent and claims 1-3, 5-7, 12-15, 28, 29, 31, 32, 38, 39, 53-56, 58-63, 73-75, and 77-80 of the `449 Patent are unpatentable. RL appealed the PTAB's final written decisions, and the Federal Circuit affirmed those decisions.

## THE CURSOR MODIFICATION ACCUSED INSTRUMENTALITY

23. One of the innovations Ulta Beauty has used to build the popularity and profitability of its www.ulta.com website is the cursor modification technology covered by the Asserted Patents (the "Accused Instrumentality"). In 2016, Ulta Beauty discussed in its annual report its "multi-faceted marketing strategy to increase brand awareness, drive traffic to our stores and website,

acquire new guests, improve guest retention and increase frequency of shopping." In this connection, Ulta Beauty explained that:

> Our e-commerce platform serves two roles: to generate direct channel sales and profits and to communicate with our guests in an interactive, enjoyable way that reinforces the Ulta Beauty brand and drives traffic to our stores and website. Our omni-channel guests are extremely valuable, spending two to four times as much as single channel guests. We continue to develop and add new website features and functionality, marketing programs, product assortment, new brands and omni-channel integration points. We intend to establish ourselves as a leading online beauty resource by providing our guests with a rich online experience for information on key trends and products, editorial content, expanded assortments, best in class features and functionality and social media content.

Ulta Beauty's adoption and continued use of the patented cursor modification technology has been an important aspect of its "multichannel strategy" to increase revenue and profits.

## FIRST CLAIM FOR RELIEF
### (Infringement of the `102 Patent)

24. Ulta Beauty has directly infringed Claim 72 of the `102 Patent by using the method claimed therein. In particular, Ulta Beauty has infringed Claim 72 by using the claimed method when providing web pages to individuals for use on the www.ulta.com website that operate to modify the appearance of those pages relating to the display of cursors.

25. Since at least 2016, Ulta Beauty has used a method via the Accused Instrumentality for modifying an initial cursor image displayed on a display of a user terminal connected to at least one server owned, operated and/or controlled by Ulta Beauty.

26. The method performed by Ulta Beauty via the Accused Instrumentality has included the step of Ulta Beauty receiving a request to provide a web page to a user terminal.

27. The method performed by Ulta Beauty via the Accused Instrumentality has included the step of Ulta Beauty transmitting and providing a web page to a user terminal in response to the request for a web page.

28. The web page provided by Ulta Beauty via the Accused Instrumentality has included one or more instructions to modify an initial cursor image and contains data corresponding to a specific image displayed, or to be displayed, on a user's terminal that is a modification of an initial cursor image.

29. The method performed by Ulta Beauty via the Accused Instrumentality has included the step of Ulta Beauty providing instructions and code that has controlled and transformed the initial cursor image displayed on the display of the user's terminal into a specific image with a particular shape and appearance in response to Ulta Beauty's instructions.

30. The transformed specific image resulting from Ulta Beauty's infringing process has included content corresponding to at least a portion of the information that is to be displayed on said display of said user's terminal.

31. Ulta Beauty's instructions have indicated code provided and controlled by Ulta Beauty that is operable to process the instructions to modify the initial cursor image to the image in the shape and appearance of the specific image responsive to movement of the cursor image over a display of at least a portion of the information to be displayed on the display of the user's terminal.

32. Shown below in Figure 1 is a screenshot of a web page displayed by the www.ulta.com website on April 6, 2017, reflecting the claimed specific image (on the left) and the claimed corresponding portion of the web page displayed on the display of the website user's terminal (on the right).



Figure 1

33.     To the extent that any required steps of the claim occurred on a device in the possession, custody or control of and used by a third party, Ulta Beauty performed those steps because it initiated and controlled the performance of those steps.

34.     Since 2016, Ulta Beauty has continued to use this patented method on its www.ulta.com website for years, as reflected in Figure 2 below, a screenshot of a web page displayed by the www.ulta.com website on September 11, 2017:



Figure 2

35.     The duty to mark under 35 U.S.C. § 287 is inapplicable to the asserted method claims of the `102 Patent.  There is no applicable marking requirement that has not been complied with.

36.     Lexos Media IP has been damaged by Ulta Beauty's activities that infringed Claim 72 of the `102 Patent.

## SECOND CLAIM FOR RELIEF
### (Infringement of the `449 Patent)

37.     Ulta Beauty has directly infringed Claims 1, 38, and 53 of the `449 Patent by making and using those patented inventions in connection with providing individuals with access to the www.ulta.com website and to shop for products and services on the website.  By doing so, Ulta Beauty has infringed Claims 1 and 38 of the `449 Patent by making and using the claimed system and making the www.ulta.com website available to others for use.  In addition, Ulta Beauty has infringed Claim 53 of the `449 Patent by using the claimed method when providing the www.ulta.com website for use by others.

38.     Since at least 2016, the Accused Instrumentality has made and used a server system for modifying a cursor image to a specific image having a desired shape and appearance displayed on a display of a remote user's terminal.

39.     Ulta Beauty's Accused Instrumentality has transmitted a web page to a user's terminal in response to a request from the user terminal for the web page.

40.     Ulta Beauty's Accused Instrumentality has provided to the user terminal a web page that has included data corresponding to the specific image to be displayed on the user's terminal.

41. Ulta Beauty's Accused Instrumentality has provided to the user terminal a web page that has included code which is operable to modify a cursor image on the display of the user's terminal.

42. Ulta Beauty's Accused Instrumentality has included a server computer for transmitting a web page to a remote user terminal which has included one or more instructions and an indication of the location of cursor image data.

43. The web page transmitted by Ulta Beauty containing the instructions and code has been operable to cause the user terminal to display a modified cursor image on the user's display in the shape and appearance of the specific image.

44. The specific image to be displayed and displayed on the user's terminal has comprised information which has included content corresponding to at least a portion of the information to be displayed on the display of the user's terminal.

45. Ulta Beauty's cursor display code has been operable to process the instructions to modify the cursor image to an image in the shape and appearance of the specific image in response to movement of the cursor image over a display of at least a portion of the information to be displayed on said display of the user's terminal.

46. The resulting specific image has been related to at least a portion of the information to be displayed on said display of the remote user's terminal.

47. Figure 1 set forth in Paragraph 32 above depicts the claimed specific image and the claimed corresponding portion of the specified content information displayed on the display of the website user's terminal.

48. Ulta Beauty, through the Accused Instrumentality, has used the claimed system for purposes of infringement and has put the claimed system into service. In particular, Ulta Beauty

has controlled each element of the system and the system as a whole and has obtained a benefit from doing so in the form of improved marketing of products and services sold by Ulta Beauty through its website. Ulta Beauty has provided and controlled any functionality required by the claimed system that has taken place on the user/customer's computer.

49. Since at least 2016, Ulta Beauty has continued to put the claimed system into service, as reflected in Figure 2 above.

50. In this connection, Plaintiff incorporates by reference its allegation in Paragraphs 27-33 above.

51. The duty to mark under 35 U.S.C. § 287 is inapplicable to the asserted method claim of the `449 Patent, and there are no unmarked "patented articles" that were sold or offered for sale by Lexos Media IP or its licensees of the `449 Patent that were subject to § 287. In addition, Lexos Media marked its website, lexosmedia.com, with the patent numbers of the Asserted Patents. Consequently, Lexos Media IP has complied with the marking requirement under § 287, to the extent it is applicable.

52. Lexos Media IP has been damaged by Ulta Beauty's infringing activities.

## DEMAND FOR JURY TRIAL

53. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lexos Media IP hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Lexos Media IP requests the following relief:

(a) A judgment in favor of Lexos Media IP that Ulta Beauty has directly infringed one or more claims of the Asserted Patents;

(b) A judgment and order requiring Ulta Beauty to pay Lexos Media IP damages adequate to compensate for infringement under 35 U.S.C. § 284, which, in no event shall be less

than a reasonable royalty for its usage made of the inventions of the Asserted Patents, including pre- and post-judgment interest and costs, including expenses and disbursements;

      (c)     A judgment awarding Lexos Media IP post-judgment royalties to the extent applicable; and

      (d)     Any and all such further necessary or proper relief as this Court may deem just and equitable.

Dated: August 1, 2022                     Respectfully submitted,

                                        **BUETHER JOE & COUNSELORS, LLC**

                                        */s/ Eric W. Buether*
                                        Eric W. Buether (Lead Counsel)
                                        State Bar No. 03316880
                                        Eric.Buether@BJCIPLaw.com
                                        Christopher M. Joe
                                        State Bar No. 00787770
                                        Chris.Joe@BJCIPLaw.com
                                        Kenneth P. Kula
                                        State Bar No. 24004749
                                        Ken.Kula@BJCIPLaw.com

                                        1700 Pacific Avenue
                                        Suite 4750
                                        Dallas, Texas 75201
                                        Telephone:   (214) 466-1271
                                        Facsimile:    (214) 635-1827

                                        **ATTORNEYS FOR PLAINTIFF**
                                        **LEXOS MEDIA IP, LLC**